**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOIS M. McENTYRE,

    Plaintiff,

v.           Case No. 25-cv-11805
            Hon. Jonathan J.C. Grey

INTUIT, INC.,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 23) AND GRANTING MOTIONS TO EXTEND DISCOVERY DEADLINES NINETY DAYS (ECF Nos. 23, 25)

## I. INTRODUCTION

On February 4, 2026, Plaintiff Lois M. McEntyre filed a motion for leave to file a first amended complaint and request for an amended scheduling order adjourning dates ninety days. (ECF No. 23.) Defendant Intuit, Inc. ("Intuit") responded. (ECF No. 29.) On the same day, Intuit filed a motion to extend upcoming discovery deadlines (ECF No. 25), which is fully briefed (ECF Nos. 26–27.)

The Court finds that oral argument will not aid in its disposition of the motions; therefore, it dispenses with oral argument pursuant to

Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the motion for leave to amend and the motion to extend upcoming discovery deadlines are **GRANTED**.

## II.   BACKGROUND

On June 20, 2025, McEntyre filed this civil rights lawsuit against her now-former employer, Intuit, alleging gender, race, and age discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Elliott-Larsen Civil Rights Act ("ELCRA"). (ECF No. 1.)

McEntyre alleges that since the complaint's filing, Intuit has escalated its discriminatory and retaliatory acts against her. (ECF No. 23, PageID.151.) Specifically, on January 12, 2026—almost three months after the deadline to amend pleadings (ECF No. 15)—Intuit terminated McEntyre, effective January 26, 2026. (ECF No. 23, PageID.151.)

McEntyre's proposed amended complaint adds Count VII, asserting violation of the Family Medical Leave Act ("FMLA"), and Count VIII, titled "Promissory Estoppel Resulting in Detrimental Reliance." (ECF No. 23-2, PageID.205–208.) The proposed amended complaint also contains additional facts, including facts that predate the October 23,

2025 deadline to amend pleadings. (*See* ECF No. 29-3; *see also* ECF No. 29, PageID.699 (detailing the facts that predate the deadline to amend).)

## III.   LEGAL STANDARD

### A.   Rule 15(a)

The Court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court, however, should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted). A proposed amendment is futile where it could not withstand a Rule 12(b)(6) motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

### B.   Rule 12(b)(6)

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as

3

true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## IV.   ANALYSIS

### A.   Modifying the scheduling order deadlines

As an initial matter, the Court determines whether to extend the scheduling order deadlines. Where, as here, leave to amend is sought after the scheduling order's deadline passes, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted). "The primary measure of Rule 16's good cause standard[1] is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted); *see also In re*

---

[1] Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

4

*Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (collecting cases). In addition to the good cause requirement, the Court also must evaluate prejudice to the opponent before modifying the scheduling order. *Leary*, 249 F.3d at 909 (citations omitted).

The Court finds that Rule 16(b)'s good cause requirement is satisfied here. Intuit terminated McEntyre on January 12, 2026—almost three months after the deadline to amend. McEntyre argues that her termination "has changed the character of the litigation to include retaliatory termination and other theories of liability, Count VI – Violation of the Medical Leave Act; Count VII – Promissory Estoppel." (ECF No. 23, PageID.154.) The Court agrees. It would have been impossible for McEntyre to edit her complaint to include facts related to her termination and claims arising from the termination prior to the scheduling order deadline.

Intuit contends that the majority of McEntyre's proposed amendments "reference allegations already in her complaint or those that [McEntyre] knew or should have known of at the time of the original complaint (*e.g.*, discussion of plaintiff's career at General Motors, and how Intuit actively recruited plaintiff and induced her to leave her

position at General Motors in 2021).” (ECF No. 29, PageID.702; *see also* ECF No. 29-3, PageID.773.) However, most of these additional facts, even if they occurred prior to the filing of the original complaint, only became materially relevant following McEntyre’s termination.

For instance, the proposed amendments include a discussion of McEntyre’s career at General Motors and of how Intuit’s assurances that McEntyre would be remote in Michigan and would be in line for a director’s position were material to her decision to leave her long-standing director position at General Motors. (ECF No. 29-3, PageID.773 ¶¶ 6–7.) These facts are germane to McEntyre’s newly added promissory estoppel claim, alleging that Intuit “terminated [her] in violation of its contractual promise to allow her employment to be based in Michigan with travel to other locations as required.” (ECF No. 29-3, PageID.813–814.) The proposed amended complaint also details McEntyre’s return to work from FMLA, including events between August 27, 2025 through the January 2026 termination. (ECF No. 29-3, PageID.788–793.) Although some of these events occurred before the deadline to amend, many occurred shortly before and after the October 23, 2025 deadline. (*See id.* at PageID.791–793.) And to the extent the allegations include pre-

October 23, 2025 events, they provide necessary context to the FMLA claim. Thus, the Court finds good cause to modify the scheduling order.

The Court also concludes that any prejudice to Intuit is minimal. First, the stage of litigation weighs in favor of allowing amendment. McEntyre filed her motion for leave to file a first amended complaint and request for an amended scheduling order (ECF No. 23) over a month before the close of fact discovery and almost four months before the dispositive motion cutoff. (*See* ECF No. 15.) Additionally, the Court notes that this would be the first adjournment of the current scheduling order, and McEntyre filed the motion within three weeks of receiving notice of her termination. Second, and most importantly, the parties both requested a 90-day adjournment of the scheduling order deadlines, undermining Intuit's argument of prejudice.[2] (*See* ECF No. 23; ECF No. 25.) Accordingly, the Court **GRANTS** a 90-day adjournment to the current scheduling order.

### B.   Motion for leave to amend complaint

Intuit opposes McEntyre's proposed amended complaint on four

---

[2] Although the parties do not stipulate to an extension, both requested a 90-day adjournment of the scheduling order deadlines on the same day. (ECF No. 23; ECF No. 25.)

grounds: (1) undue delay, (2) prejudice, (3) bad faith, and (4) futility. The Court examines each factor.

### 1. Undue Delay and Prejudice

The Court evaluates undue delay and prejudice together. Delay, alone, is an insufficient basis to deny an amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citations omitted). "[A]t least some significant showing of prejudice [is required] to deny a motion to amend based solely upon delay." *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (internal quotation marks and citations omitted). For example, "[a]llowing an amendment after discovery is closed and summary judgment motions are fully briefed imposes significant prejudice on defendants." *Id.* (internal quotation marks and citations omitted).

McEntyre maintains that her amendment is timely because: (1) her termination occurred in January 2026, (2) her motion was filed before the completion of fact discovery, and (3) trial is scheduled for November 3, 2026. (ECF No. 23, PageID.154.) Intuit responds that the only timely amendments in McEntyre's proposed amended complaint are those that occurred after the October 23, 2025 deadline to amend. (ECF No. 29,

8

PageID.706.)

The Court finds Intuit's interpretation far too limiting. As discussed above, there are events that occurred before October 23, 2025 that were alleged in the proposed amended complaint but that were not relevant to include until McEntyre added the FMLA and promissory estoppel claims post-termination. Thus, the Court declines to adopt such a restrictive cutoff to McEntyre's additional factual allegations. Moreover, for the reasons discussed above, Intuit is only minimally prejudiced. *See supra* Section IV.A.

Intuit's reliance on *Scott v. Bank of America* is unavailing. No. 12-12864, 2015 WL 13034889 (E.D. Mich. June 8, 2015). In *Scott*, the plaintiff moved for leave to amend two years after the deadline, nearly one year after the close of discovery, and over six months after a summary judgment motion was filed. *Id.* at *2. Here, in contrast, McEntyre moved to amend only three months after the deadline to amend—in large part because of Intuit's actions to terminate her after the deadline—and over a month *before* the close of discovery. Moreover, no dispositive motion has been filed.

*Wade v. Knoxville Utils. Bd.* is no more persuasive. 259 F.3d 452

(6th Cir. 2001). In *Wade*, the plaintiff waited a year and a half, without explanation, before filing the motion to amend. *Id.* at 459. In addition to the delay, the district court found the defendant would be prejudiced because the dispositive motion deadline had already passed, the defendant filed a motion for summary judgment on all claims in the original complaint, and significant discovery had been completed (including more than 20 depositions). *Id.* Here, the motion was filed about four months *before* the dispositive motion deadline. And, importantly, the parties already agreed to reschedule McEntyre's deposition, which was originally set for February 5, 2026 (ECF No. 29, PageID.704), and the depositions of Intuit's employees and/or agents are scheduled to occur after McEntyre's deposition. (ECF No. 23, PageID.157.) Thus, pertinent depositions are set to take place after McEntyre had given Intuit notice of the proposed amendment.

Intuit argues that if the amended complaint is accepted, the parties will need to conduct additional and duplicative discovery of the new facts and claims alleged. (ECF No. 29, PageID.707.) McEntyre disagrees. Since the new claims largely arose because of Intuit's own post-October 23, 2025 actions to terminate McEntyre, the Court finds that additional and

duplicative discovery, even if minimally prejudicial, is warranted. However, any additional written discovery related to the January 2026 termination shall be focused in scope, as McEntyre already concedes. (ECF No. 23, PageID.157.)

For the reasons above, the Court finds that the delay here is limited and justified under the circumstances, and any prejudice to Intuit is minimal.

### 2. Bad Faith

Next, Intuit argues that bad faith exists because the amended complaint includes facts dating as far back as 2021. For the same reasons discussed above, most of the additional allegations, even if based on events that occurred before the filing of the original complaint, were not relevant until McEntyre added the FMLA and promissory estoppel claims post-termination. Intuit does not offer, and the Court does not find, any other reasons that indicate bad faith.

### 3. Futility

Finally, Intuit argues that McEntyre's proposed amendment to add a FMLA claim is futile because her FMLA claim cannot withstand a Rule 12(b)(6) motion to dismiss. The Court disagrees.

11

The Sixth Circuit recognizes two distinct theories for recovery under the FMLA: (1) the "entitlement" or "interference" theory, and (2) the "retaliation" or "discrimination" theory. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). To establish an FMLA claim under the interference theory, the plaintiff must establish that: (1) she is an eligible employee under the FMLA, (2) the defendant is an employer under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied her FMLA benefits to which she was entitled. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007) (internal quotation marks and citations omitted). A plaintiff may satisfy the fifth element if she can show that the employer has "somehow used the leave against her and in an unlawful manner[.]" *Id.* (internal quotation marks and citation omitted).

Intuit contends that the proposed amended complaint fails to plead any of the above elements other than element four. Not so. McEntyre alleges that "[i]n January 2025, Plaintiff's Family Medical Leave request was approved by Defendant's Disability Department." (ECF No. 29-3, PageID.811.) Accepting this allegation as true, which the Court must do

12

at this stage, it inherently indicates that McEntyre was an eligible employee (element one), Intuit is an employer subject to the FMLA's requirements (element two), and McEntyre satisfied FMLA leave criteria (element three). Finally, McEntyre sufficiently pleaded element five when she alleged that Intuit used the leave against her, including by: (1) assigning her work that did not fit her qualifications or experience and ignoring her request for clarification on her work duties; (2) changing the terms and conditions of her employment upon return from FMLA leave; (3) creating a hostile work environment in retaliation for her FMLA leave; and (4) terminating her. (ECF No. 29-3, PageID.788–793, 811–812.) Thus, the claim is not futile.[3]

Accordingly, the Court **GRANTS** McEntyre's motion for leave to file a first amended complaint.

---

[3] To establish an FMLA claim under the retaliation or discrimination theory, the plaintiff must demonstrate that: (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of her exercise of FMLA rights, the employer took an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006) (internal quotation marks and citations omitted). Because the Court found that McEntyre sufficiently pleaded an FMLA claim under an interference theory, the Court need not address whether she also sufficiently pleaded an FMLA claim under a retaliation or discrimination theory.

## V.  CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that McEntyre's motion for leave to file a first amended complaint (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that McEntyre shall file her first amended complaint, in the form filed as ECF No. 23-2, **on or before April 22, 2026**.

**IT IS FURTHER ORDERED** that Intuit's motion to extend upcoming discovery deadlines (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's scheduling order (ECF No. 15) is amended as follows:

- Initial Witness List: **July 6, 2026**
- Fact Discovery Cut-off: **August 10, 2026**
- Expert Discovery: **August 19, 2026**
    - Proponent's Expert Reports: **June 22, 2026**
    - Rebuttal Expert Reports: **July 20, 2026**
- Dispositive Motion Cut-off is extended to: **October 26, 2026**
- Final Pretrial Conference is adjourned to **March 1, 2027 at 3:00 pm**, and Trial is adjourned to **April 6, 2027 at 9:00 am**.

**SO ORDERED**.

                                               **s/Jonathan J.C. Grey**
Jonathan J.C. Grey

Date: April 15, 2026                     United States District Judge

15

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

16